**4**

**In re CIRCUS TIME, INC., Debtor.**

**CIRCUS TIME, INC., Plaintiff,**

**v.**

**GRUMMAN CREDIT CORPORATION et al., Defendants.**

**Bankruptcy No. 279–00687.**
**Adv. No. 279–0002.**

United States Bankruptcy Court,
D. Maine.

June 27, 1980.

Richard E. Poulos, Portland, Me., for debtor-in-possession.

Gregory A. Tselikis, Bernstein, Shur, Sawyer & Nelson, Portland, Me., for Creditors' Committee.

George J. Marcus, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for Grumman Credit Corp.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

On December 4, 1979, Circus Time, Inc., a Chapter 11 Debtor in Possession, filed a complaint with this Court seeking authority to sell assets free and clear of liens and encumbrances. Included among the assets were the six vehicles which are the subject of this proceeding.[1]

Grumman Credit Corp. objected to the sale. It argued that the vehicles were not property of the estate because they were owned by Grumman and leased to the Debtor and, in the alternative, that if the leases were not true leases but leases intended for security, then Grumman was entitled to adequate protection. The Debtor in Possession took the position that the leases were not true leases but, rather, leases intended for security and that Grumman's security interest in the vehicles was not properly perfected.

By Order dated December 24, 1979, and pursuant to Section 363(f) of the Code, this Court authorized the sale of the vehicles free and clear of liens with Grumman's

---

1. The vehicles are all 1978 Chevrolet vans purchased through Mirak Chevrolet, Inc., Arlington, Mass.

interest to attach to the proceeds of sale with the validity and perfection of Grumman's interest to be later determined.

On April 24, 1980 a hearing was held on the issue of Grumman's interest in the vehicles. At the hearing it was conceded that the leases were leases intended for security and in its brief Grumman conceded that the leases may be treated as security agreements. The value of each vehicle has been stipulated by the parties.

Of the six vehicles, three were registered in New Hampshire and three in Maine and certificates of title were issued by the appropriate State officer.[2] In each certificate Grumman Credit Corp. is named as "owner" with no "lienholder."

■ The Court concludes that Grumman's interest in the vehicles is a security interest and that it has failed to perfect such security interest as required by the Uniform Motor Vehicle Certificate of Title and Anti-Theft Act as enacted by both Maine and New Hampshire.

### DISCUSSION

The Uniform Motor Vehicle Certificate of Title and Anti-Theft Act has been adopted by both Maine and New Hampshire. 29 M.R.S.A. § 2350 et seq.; N.H.R.S.A. Ch. 269–A. The Maine and New Hampshire versions of the Act are identical in all respects pertinent here. For convenience we will work with the Maine Statute in this discussion.

It having been conceded that the leases dealing with the vehicles in question were "leases intended as security" the Title Act defines Grumman's interest as a security interest.

'Security interest' means an interest in a vehicle reserved or created by agreement and which secures payment or performance of an obligation. The term includes the interest of a lessor under a lease intended as security. . . . 29 M.R. S.A. § 2351.8.

Section 2402.2 provides the method for perfection of a security interest:

A security interest is perfected by the delivery to the Secretary of State of the manufacturer's statement of origin or existing certificate of title, if any, an application for a certificate of title containing the name and address of the lienholder and the date of his security agreement and the required fee. . . .

The application for the certificate of title must contain:

A. The name, residence and mail address of the owner;

B. A description of the vehicle . . .

C. The date of purchase . . . and the names and addresses of any lienholders in the order of their priority and the dates of their security agreements . . . 29 M.R.S.A. § 2364.1.

An "owner" is defined by Section 2351.5:

OWNER. 'Owner', for certificate of title purposes, means a person, other than a lienholder, having the property in or title to a vehicle. The term includes a person entitled to the use and possession of a vehicle subject to a security interest in another person, but excludes a lessee under a lease not intended as security.

A "lienholder" means a person holding a security interest in a vehicle. 29 M.R.S.A. § 2351.3.

From the stipulated facts and the testimony it is clear that the "owner" of the vehicles, within the Section 2351 definition, is the Debtor, Circus Time, Inc. and that the "lienholder" is Grumman Credit Corp. The applications for certificates of title vary in some respects but, in each application, (and certificate) Grumman Credit Corporation is described as "owner" and in the space provided for "lienholders" the word "none" appears.

It is equally clear that Grumman has not complied with Section 2402 in perfecting its security interest. Section 2407 provides that the "method provided in this subchap-

---

2. The title certificate for one vehicle was not applied for or issued until after the filing of Debtor's Voluntary Petition. Debtor has had use and possession of the vehicle since March of 1979. Debtor's attack on this ground becomes moot in view of the Court's decision.

ter of perfecting and giving notice of security interests subject to this subchapter is exclusive."

Grumman, in its excellent brief, devotes much effort to the argument that any technical deficiency in the certificates of title is not seriously misleading and that no party could be prejudiced thereby. It argues that the certificates, as issued, reflect the true nature of the agreement between the parties and constitute sufficient public notice to perfect Grumman's security interest in the vehicles. In support of its position Grumman cites several cases decided under the Uniform Commercial Code and a 1978 case decided by this Court under the New Hampshire Certificate of Title Act.

Grumman's argument misses the mark. In all but one the cases cited in support of its position the Court found that there was compliance or substantial compliance with the statutory procedure, a vital factor which is absent here.

In *In re Cushman Bakery*, 526 F.2d 23 (1975) the First Circuit Court of Appeals found "full compliance with the literal command of the Maine recording statutes." at p. 28.

This Court, in *In re Hill*, BK–76–515 August 11, 1978, found that N.H.R.S.A. Ch. 269–A:21 dealing with perfection of security interests under the Title Act had been substantially complied with and that an incomplete name and address of the lienholder was a minor error, not seriously misleading.

In *In re Reeco Electric Co., Inc.* and *In re Petersbuilt, Incorporated*, (consolidated on appeal), 415 F.Supp. 238 (D.C.Me.1976); 19 UCC Rep. 947, the District Court found substantial compliance with UCC Section 9–402 (11 M.R.S.A. 9–402) and that minor errors in the names of the debtors were not seriously misleading.

Grumman gains no support from *In re Bosson*, 432 F.Supp. 1013 (D.C.Ct.1977), also cited in its brief. In that case the Court held that under the theory of "notice filing" the lienholder would prevail because "a reasonably diligent creditor would not have

been misled, since an inquiry with the Motor Vehicles Department would reveal that Michael Bosson did not own the car." The Court went on, however, to find that the appellant (Bank) never acquired a valid security interest in the automobiles in question and that its rights were subordinate to those of the trustee in bankruptcy.

The result in *Bosson* was "required by a fair analysis of the statutory scheme and of the relevant supplemental case law authorities . . .". That is our situation here. This Court has applied the doctrine of "substantial compliance" and the theory of "notice filing" to cases arising under the Certificate of Title Act. *See In re Hill, supra.* In this case it is probably true that a diligent interested party could learn the true relationship between Grumman and the Debtor in view of the statutory mandate that the Secretary of State "upon receiving an application for a first certificate of title, shall check the identification number of the vehicle . . . against the records of vehicles required to be maintained . ." 29 M.R.S.A. Section 2365. The Secretary of State is required to maintain a record of all certificates issued by him:

A. Under a distinctive title number assigned to the vehicle;

B. Under the identification number of the vehicle;

C. Alphabetically, under the name of the owner; and, . . . by any other method he determines. 29 M.R.S.A. § 2366.2

▊ No evidence was introduced to demonstrate what procedures are followed in response to an inquiry by an interested party regarding a particular vehicle and/or a particular "owner" or "lienholder". But, for the purpose of this discussion we will assume that a diligent interested party could learn the true relationship between Grumman and the Debtor.

In my view, this is not dispositive of the issue. The Legislature has, by enacting 29 M.R.S.A. § 2364, wisely deemed it necessary that an application for a certificate of title contain the name, residence and mail address of the owner, all of which are completely missing from the applications in this

proceeding. Also required and also missing in each application is the names and addresses of any lienholders in the order of their priority and the dates of their security agreements.[3]

Title 29 M.R.S.A. § 2350 advises:

This chapter shall be so interpreted and construed as to effectuate its general purpose to make uniform to the similar laws of other states.

Uniformity, in my view, will result only from substantial compliance with the statutory scheme. Substantial compliance is absent here. *See Maine Federal Credit Union v. Atlantic Motors*, 250 A.2d 497 (Me.1969), Absence of signature of secured party; *also, In re Carlstrom*, 3 UCC Rep. 766 (D.C. Me.1966); *In re Benson*, 3 UCC Rep. 272 (D.C.Conn.1966); *In re Bassett*, 5 UCC Rep. 279 (D.C.Conn.1967) Absence of date of security agreement.

Title 29 M.R.S.A. § 2402.1 provides:

Unless excepted by section 2401, a security interest in a vehicle of a type for which a certificate of title is issued [4] is not valid against creditors of the owner or subsequent transferees or lienholders of the vehicle unless perfected as provided in this subchapter.

Section 544 of the Bankruptcy Code grants the bankruptcy trustee the rights and powers of a creditor holding a judicial lien. Section 1107 of the Code grants to a debtor in possession all of the rights and powers of a trustee.

The security interest of Grumman Credit Corporation is invalid against Circus Time, Inc., the Debtor in Possession.[5] An appropriate order will be entered immediately.

---

3. *See* 9 M.R.S.A. § 2351.5 for definition of "owner" for certificate of title purposes. "Lienholder" is defined by § 2351.3 and "security agreement" is defined by § 2351.7.

4. "required" in the N.H. version 269–A:21. The Maine Act was amended in 1977 substituting "issued" for "required".

5. The Debtor in Possession has raised several other issues regarding the validity and perfection of Grumman's security interest. Those issues were made moot by the Court's decision.