**In re R. PURBECK & ASSOCIATES, LTD., Debtor.**

**Thomas L. KANASKY, Jr., Trustee, Plaintiff,**

**v.**

**Richard PURBECK, Defendant.**

**Bankruptcy No. 5–80–261.
Adv. No. 5–81–0131.**

United States Bankruptcy Court, D. Connecticut.

July 1, 1981.

Thomas L. Kanasky, Jr., Levin & Charmoy, Bridgeport, Conn., pro se.

Raymond L. Sweigart, Whitman & Ransom, Stamford, Conn., for Richard Purbeck.

## MEMORANDUM AND ORDER RE: COMPLAINT BY TRUSTEE TO COMPEL TURNOVER OF PROPERTY TO THE ESTATE

ALAN H. W. SHIFF, Bankruptcy Judge.

### I. Background

1. The plaintiff is the trustee of R. Purbeck & Associates, Ltd. (corporation), the debtor in the above captioned case which was commenced with the filing of an involuntary petition under Chapter 7 on April 16, 1980. The defendant is the president and a stockholder of the corporation.

2. Sometime during December 1979, the corporation purchased a 1980 jeep with funds it borrowed from a bank which required and obtained the guaranty of the defendant in the form of a cosignature on a note.

3. The jeep was registered to and title was put in the name of the corporation. The defendant was not named on the certificate of title as a lienholder.

4. The defendant has possession of the corporation's jeep.

### II. Claims

The plaintiff claims that the jeep is the property of the estate, in the possession of the defendant, which he, as trustee, may use, sell or lease under 11 U.S.C. 363. The plaintiff further claims that the defendant has no security interest in the property and that the transfer of the jeep to the defendant constitutes a preference under 11 U.S.C. 547. As a consequence, the plaintiff claims that he is entitled to an order requiring the defendant to deliver the jeep to him pursuant to 11 U.S.C. 542(a).[1]

The defendant claims that he and the corporation entered into an agreement

---

1. 11 U.S.C. Sec. 542(a) Turnover of Property to the estate.

(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custo-

whereby the defendant would guaranty a loan to the corporation for the purchase of the jeep in exchange for which the defendant would have a security interest in and possession of the vehicle. The defendant claims that he took possession of the jeep in December 1979 and that possession of the vehicle constitutes perfection of his security interest under section 42a–9–203, of the General Statutes of Connecticut.

In perhaps over simplified terms, the defendant claims to have a security interest in property owned by the debtor corporation which entitles him to adequate protection as a condition precedent to delivery of that property to the plaintiff pursuant to 11 U.S.C. 542(a).

### III. Issues

1. Did the transfer of the jeep by the corporation to the defendant constitute a preference under 11 U.S.C. 547?

2. Does the defendant have a perfected security interest in the jeep which defeats the plaintiff's right to a turnover of the property under 11 U.S.C. 542(a) unless adequate protection is provided?

### IV. Discussion

1. Preference:

The plaintiff relies upon the defendant's answer, on behalf of the corporation, to question number 14 on the Statement of Financial Affairs For Debtors Engaged In Business to prove that the transfer was made within the ninety-day period before the commencement of this case as to which a presumption of insolvency applies. (11 U.S.C. Sec. 547(e)(4)). In that answer the defendant stated that the corporation transferred a 1980 Jeep Wagoneer to him in April 1980 in consideration of unpaid wages. The defendant, on the other hand, has not only challenged the presumption of insolvency but the date of transfer as claimed by the plaintiff.

■ The weight of evidence in this case tends to support the defendant's claim that he obtained possession of the vehicle in December 1979. However, even if the transfer had occurred in April, the plaintiff has offered no evidence to satisfy the essential elements of section 547(b)(5) which requires proof that the defendant received more than he would have received as a distribution under Chapter 7. While, the defendant obtained the possession and use of a jeep, no evidence was offered on the question of whether the defendant would have obtained anything under the distributive provisions of the Bankruptcy Code and, if so, how much.

2. Security Agreement—Perfection:

■ One of the primary goals of the Bankruptcy Code is to provide for equality in the distribution of the estate. To achieve that goal, trustees have been given powers to retrieve prepetition transfers of certain property. Section 542(a) provides for the turnover of property that the trustee may use, sell or lease under Section 363. Since, however, an entity which has possession of and an interest in that property may request and obtain "adequate protection" under Section 363(e),[2] Section 542(a) must be read with section 363(e). Such an analysis indicates that a secured creditor may insist upon adequate protection as a condition precedent to the turnover of property since the property may not be used, sold or leased under section 363 without it.

The application of that analysis to this proceeding requires a determination of whether the defendant obtained a security

---

dian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

2. 11 U.S.C. Sec. 363

(e) Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold or leased, by the trustee, the court shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest. In any hearing under this section, the trustee has the burden of proof on the issue of adequate protection.

interest in the jeep from the corporation, and that depends upon whether there was an agreement to that effect between the defendant and the corporation. (Sec. 42a–9–203, Conn.Gen.Stat.) Obviously, since the corporation owned the vehicle, the corporation alone could transfer a security interest to the defendant.

The evidence in this case suggests considerable doubt as to whether the defendant and the corporation ever entered into an agreement to give the defendant a security interest in the jeep. No written agreement was produced or referred to during the trial and the evidence is silent with regard to the contents of any oral agreement. No corporate minutes or resolutions were offered, there was no mention of any letters or memoranda, which might have shed light on the intention of the parties, and no witnesses representing the corporation were produced. There was not one scintilla of credible evidence to challenge the defendant's statement in response to question 14, referred to above, that the purpose of the transfer was to pay the defendant back wages. Thus, the unavoidable implication of that answer is that the jeep was transferred to the defendant to provide him with compensation not security. It was for his use rather than for his protection.

It was the defendant who, on behalf of the corporation, negotiated with the bank for the loan. As president, the defendant knew or, at the very least, could find out if the corporation had the resources to make the necessary payments on the loan. If it did, the defendant was in a position to insist that the corporation honor its commitment. If it didn't, he was negotiating in bad faith with the bank. On the assumption that the defendant negotiated with the bank in good faith, why would the defendant need possession of the vehicle as security?

There is, however, a more fundamental question. Where are the documents to demonstrate the intent to give the defendant a security interest in the jeep? Having put in evidence the answer to question 14 which suggests a different motive, the burden of going forward with the evidence shifted to the defendant. As mentioned above, the record in this case is barren as to any evidence to corroborate the defendant's claim that he had a security agreement with the corporation. Even the certificate of title fails to list the defendant as a lienholder and that fact not only strengthens the plaintiff's claim that the defendant had no security interest, but, as stated below, conclusively proves that any security interest which might have attached to the jeep was unenforceable against the plaintiff.

While section 42a–9–203 of the Connecticut General Statutes provides for the attachment and enforcement of security interests generally, the Connecticut Uniform Motor Vehicle Certificate of Title and Anti Theft Act, (sec. 14–165 et. seq., Conn.Gen. Stat.) which is applicable in this case, prescribes in specific terms the manner in which security interests in motor vehicles are perfected.

Section 14–185(a) of that act states that a security interest in a vehicle, such as the jeep, is perfected by inserting the name and address of the lienholder and the date of his security agreement on the application for a Certificate of Title.[3] Section 14–185(b) of the Connecticut General Statutes provides that: "An unperfected security interest is subordinate to the rights of the persons described in section 42a–9–301" and section 42a–9–301, of the Connecticut General Statutes, in pertinent part, states that "an unperfected security interest is subordinate to the rights of . . . (b) a person who becomes

---

3. Perfecting of security interest

(a) Unless excepted by Section 14–167, a security interest in a vehicle of a type for which a certificate of title is required is perfected by the delivery to the commissioner of the existing certificate of title, if any, an application for a certificate of title containing the name and address of the lienholder and the date of his

security agreement and the required fee. It is perfected as of the time when it attached if such delivery is completed within twenty days thereafter, and without regard to the limitations expressed in section 42a–9–301(2); otherwise it is perfected as of the time of such delivery.

Sec. 14–185(a) Conn.Gen.Stat.

a lien creditor before the security interest is perfected." Finally, it should be noted that according to section 14–190,[4] section 14–185(a) provides the *exclusive* method by which a security interest on vehicles such as the jeep is perfected. See also, *In re Welch*, 1 B.C.D. 763 (D.Ct.1975).

It is apparent from the evidence that the defendant's name was not included on the application for a certificate of title to the jeep and that his name was not included, as a lienholder, on that document. It is also obvious that the plaintiff, as trustee, became a "lien creditor", as of the filing of the petition, by virtue of the avoiding powers granted by section 544(a) of the Bankruptcy Code.[5] Therefore, any security interest the defendant might have had was unperfected under section 14–185(a) and subordinate to the rights of the plaintiff under sections 14–185(b) and 42a–9–301(1)(b) of the Connecticut General Statutes. *In re Circus Time, Inc.*, 5 B.R. 4 (Bkrtcy.D.Me.1980).

### V. Conclusions

1. The transfer of the jeep by the corporation to the defendant did not constitute a preference under 11 U.S.C. 547.

2. The defendant failed to perfect any security interest he had in the jeep, and, as a consequence, the plaintiff is entitled to an order requiring the defendant to immediately deliver the jeep to the plaintiff without the necessity of the plaintiff providing the defendant with adequate protection.

4. Method of perfecting interest exclusive

The method provided in this chapter of perfecting and giving notice of security interests subject to this chapter is exclusive. Security interests subject to this chapter are hereby exempted from the provisions of law which otherwise require or relate to the filing of instruments creating or evidencing security interests.

Sec. 14–190 Conn.Gen.Stat.

5. 11 U.S.C. Sec. 544(a) Trustee as lien creditor and as successor to certain creditors and purchasers

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any

IT IS HEREBY ORDERED that the plaintiff is entitled to judgment in his favor and a separate judgment will be entered in accordance with the foregoing.

transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists;