**In re Donald Lee BARTON, Debtor.**

**Donald Lee BARTON, Plaintiff,**

**v.**

**Ernest BARTON, Defendant.**

**Bankruptcy No. 585–00081.
Adv. No. 586–0002.**

United States Bankruptcy Court,
D. South Dakota.

March 11, 1986.

Robert A. Warder, Hill City, S.D., for debtor/plaintiff Donald Lee Barton.

Joseph M. Butler and Michael M. Hickey, Bangs, McCullen, Butler, Foye & Simmons, Rapid City, S.D., for defendant Ernest Barton.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

### Introduction

This matter is before the Court on a complaint to compel turnover of property and for an accounting filed on behalf of Donald Lee Barton ("debtor") by Attorney Robert A. Warder on January 13, 1986. Debtor requests that: 1) the defendant, who is an officer/director of Barton Masonry, Inc., turn over certain stock certificates of that corporation which represent the debtor's interest; and 2) the defendant, who is an officer/director, account for all corporate assets and liabilities. Attorney Michael M. Hickey represented Ernest Barton ("defendant"), and a trial was held in Rapid City, South Dakota, on February 25, 1986.

### Background

The debtor filed for relief under Chapter 11 of the Bankruptcy Code on July 10, 1985.

According to his complaint, the debtor alleges an interest in Barton Masonry, Inc., a South Dakota corporation. In pertinent part, the complaint reads as follows:

### COUNT ONE

. . . .

### 3.

For many years prior to the filing of this Chapter 11 the Debtor and the Defendant were in various businesses including Bar Y Construction, a Wyoming corporation, Barton Masonry, a South Dakota corporation, and ownership of land jointly.

### 4.

That the Defendant owns 70% of the stock in Barton Masonry; the Debtor owns 30% of the stock.

### 5.

That the Defendant has possession of the stock certificates of the Debtor and has refused to turn over the stock certificates to the Debtor.

### 6.

That based upon information and belief the Defendant has taken assets of the Barton Masonry corporation and used them for his own personal use.

### 7.

That the Plaintiff has requested delivery of said stock certificates and the Defendant has failed and refused, and continues to fail and refuse, to deliver the same to him.

### COUNT TWO

(realleges all previous paragraphs)

### 1.

That for many years the Defendant Ernest Barton controlled and operated Barton Masonry.

### 2.

That the Plaintiff is no longer an officer or director of said corporation.

### 3.

That the Defendant has refused to account for assets and liabilities of said corporation.

WHEREFORE, the Plaintiff asks that the Defendant be required to account for all assets and liabilities of Barton Masonry, Bar Y Construction, and any property owned jointly by the Plaintiff and the Defendant, or owned by Bar Y Construction or Barton Masonry.

WHEREFORE, the Plaintiff prays that Defendant be ordered to surrender the stock certificates in Barton Masonry forthwith to him and that he be required to account for all assets and liabilities of any entities owned jointly or severally with the Plaintiff, or any corporation or partnership in which the Plaintiff and the Defendant have a joint interest; and for such other and further relief as is just and equitable.

Barton Masonry, Inc., was not a named defendant in this matter.

At the trial, Attorney Warder insisted that he made numerous reasonable, but unsuccessful, attempts to secure the stock certificates which represent the debtor's interest in Barton Masonry, Inc. After debating Attorney Warder's "reasonable attempts," Attorney Hickey agreed that his client would turn over the stock certificates.

Attorney Hickey, however, refused to have his client account for all corporate assets and liabilities on the ground that this is essentially a "shareholder derivative" action against the officer/director/majority shareholder defendant and, therefore, a non-core matter which may not be heard by the Court. Directing the Court to certain case law, Attorney Warder insisted that the debtor may properly bring an "account" for corporate liabilities and assets against the defendant under Bankruptcy Code Section 542 and that, pursuant to this section, this is a "core" proceeding under 28 U.S.C. § 157(b)(2)(E) because it concerns the turnover of property of the estate.

*Issue*

The principal issue raised is: **Whether a shareholder debtor may compel a corporate officer/director to account for all corporate assets and liabilities, which is essentially a shareholder derivative action, under Bankruptcy Code Section 542(a).**

*Law*

As to the principal issue, the Court holds that a shareholder debtor may not compel a corporate officer/director to account for all corporate assets and liabilities, which is essentially a shareholder derivative action, under Bankruptcy Code Section 542(a).

Bankruptcy Code Section 542(a) reads as follows:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee,[1] and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

 A turnover proceeding "is essentially a proceeding for restitution." *Maggio v. Zeitz*, 333 U.S. 56, 63, 68 S.Ct. 401, 405, 92 L.Ed. 476 (1948). Bankruptcy courts may order the turnover of property in which the debtor holds only a contingent possessory right, such as a right of redemption or the right to cure a default, as long as adequate protection can be afforded to the secured party. *In re Riding*, 44 B.R. 846, 848 (Bkrtcy.D.Utah 1984), *citing as authority, United States v. Whiting Pools, Inc.*, 674 F.2d 144, 155–56 (2d Cir.1982), *aff'd* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983); *Georgia Pacific Corp. v. Sigma Service Corp.*, 712 F.2d 962, 966–67 (5th Cir.1983); *In re Sunrise Equipment and Development Corp.*, 24 B.R. 26, 27 (Bkrtcy.D.Ariz.1982); *In re Alpa Corp.*, 11

---

1. 11 U.S.C. § 1107 provides, with certain exceptions not applicable here, that a debtor-in-possession has the rights and powers of a trustee.

B.R. 281, 289–90 (Bkrtcy.D.Utah 1981); *Matter of Day Resource & Development Co.*, 21 B.R. 176, 177–78 (Bkrtcy.D.Idaho 1982); *In re King*, 14 B.R. 316, 317–18 (Bkrtcy.M.D.Tenn.1981); *Matter of Troy Industrial Catering Service*, 2 B.R. 521 (Bkrtcy.E.D.Mich.1980). *See In re Purbeck & Associates, Ltd.*, 12 B.R. 406, 408 (Bkrtcy.D.Conn.1981). Property for which turnover may be compelled under Section 542 is simply the type of property which the debtor may either "use, sell or lease" under Section 363 or may exempt under Section 522. *In re Riding*, 44 B.R. at 848.

The first question which must be addressed is what type of property is an "account" for corporate assets and liabilities as requested by the debtor in his complaint. The question then becomes whether this is either property which a debtor may "use, sell or lease" under Section 363 or may exempt under Section 522.

■ As to the first question, the Court finds that the "account" which is requested is essentially a shareholder derivative action, and, therefore, if property at all, it is property of the corporation. A shareholder derivative action is suggested because the debtor, who is a minority shareholder, requests that an officer/director, who is also the majority shareholder of the corporation, account for assets and liabilities of the corporation. *See Cowin v. Bresler*, 741 F.2d 410, 414 (D.C.Cir.1984); *Lewis v. Chiles*, 719 F.2d 1044, 1049 (9th Cir.1983); *Stevens v. Lowder*, 643 F.2d 1078, 1080 (5th Cir.1981). In a shareholder derivative action, a shareholder asserts an action on behalf of the corporation, who is the real party in interest. *Stevens*, 643 F.2d at 1080.

Attorney Warder cites *In re Riding*, 44 B.R. 846 (Bkrtcy.D.Utah 1984), which involves the turnover of a truck, as standing for the proposition that he may compel an "account" for corporate assets and liabilities through a turnover action. Needless to say, a debtor's claimed property interest in a truck is materially distinguishable from any claimed property interest in a shareholder derivative action.

■ As to the second question, the Court finds that a shareholder derivative action is not property which the debtor may use, sell or lease under Section 363 or claim as exempt under Section 522. This is simply because, if it is property at all, it is property of the corporation and not the debtor. *See* 11 U.S.C. § 541, et al.; *see also Matter of Midwestern Companies, Inc.*, 49 B.R. 98 (Bkrtcy.S.D.Mo.1985); *In re Bell and Beckwith*, 44 B.R. 661 (Bkrtcy.N.D.Ohio 1984); *In re Creative Data Forms, Inc.*, 41 B.R. 334 (Bkrtcy.E.D.Pa.1984).

Based on this, the Court holds that a shareholder debtor may not compel a corporate officer/director to account for all corporate assets and liabilities, which is essentially a shareholder derivative action, under Bankruptcy Code Section 542(a).

Because this resolves the matter, the Court need not directly address the question of whether a shareholder derivative action is a "core" matter under 28 U.S.C. § 157(b)(2)(E) (turnover of property) or any other subsection. Without careful review of the question, the Court notes, however, that it is doubtful that this action is a "core" matter. *See Matter of Paso Del Norte Oil Co.*, 755 F.2d 421 (5th Cir.1985), and *Zweygardt v. Colorado Nat. Bank of Denver*, 52 B.R. 229 (Bkrtcy.D.Colo.1985).

Attorney Warder may be interested in reviewing the following shareholder rights under the South Dakota Business Corporations Act:

1. S.D.C.L. § 47–4–25 provides that:

Any person who shall have been a shareholder of record for at least six months immediately preceding his demand or who shall be the holder of record of at least five percent of all the outstanding shares of a corporation, upon written demand stating the purpose thereof, shall have the right to examine, in person, or by agent or attorney, at any reasonable time or times, for any proper purpose, its books and records of ac-

count, minutes and record of shareholders and to make extracts therefrom.

2. S.D.C.L. § 47–4–26 provides that:

Any officer or agent who, or a corporation which, shall refuse to allow any shareholder described in § 47–4–25, or his agent or attorney, to examine and make extracts from its books and records of account, minutes, and record of shareholders, for any proper purpose, as provided by § 47–4–25, shall be liable to such shareholder in a penalty of ten percent of the value of the shares owned by such shareholder, in addition to any other damages or remedy afforded him by law.

3. S.D.C.L. § 47–4–28 provides that:

Nothing contained in §§ 47–4–24 to 47–4–27, inclusive, shall impair the power of any court of competent jurisdiction, upon proof by a shareholder of proper purpose, irrespective of the period of time during which such shareholder shall have been a shareholder of record, and irrespective of the number of shares held by him, to compel the production for examination by such shareholder of the books and records of account, minutes, and record of shareholders of a corporation.

4. S.D.C.L. § 47–4–29 provides that:

Upon the written request of any shareholder of a corporation, the corporation shall mail to such shareholder its most recent financial statements showing in reasonable detail its assets and liabilities and the results of its operations.

In concluding, the Court notes that this matter may be best described as an attempt to stick a square peg (shareholder derivative action) into a round hole (Section 542(a) of the Bankruptcy Code).

Accordingly, based on the foregoing, this Memorandum Decision constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Bankr.R.P. 7052 and F.R.Civ.P. 52. Counsel for the defendant are directed to submit an appropriate order and judgment in accordance with Bankr. R.P. 9021.