### In re BELL & BECKWITH, Debtor.

### Bankruptcy No. 83–0132.

United States Bankruptcy Court, N.D. Ohio, W.D.

Oct. 25, 1984.

Louis J. Hattner and Richard E. Wolff, Toledo, Ohio, for McKennys.

Fuller & Henry, Toledo, Ohio, for trustee.

Stephen P. Harbeck, Washington, D.C., for SIPC.

### MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion for *in camera* Review and Preservation Under Seal of Certain Hearing Exhibits. The Court has reviewed both the written and oral arguments offered by counsel on behalf of the Motion. Based upon that review and for the following reasons the Court finds that the Motion should be DENIED.

### FACTS

The Movant is the Trustee for the liquidation of the Debtor-brokerage under the provisions of 15 U.S.C. § 78aaa *et seq.* The Trustee's liquidation efforts have resulted in an accumulation of funds from which he has been authorized to pay certain creditor-

customers. These customers include those whose accounts exceeded the coverages provided by the Securities Investor Protection Act. In support of his Motion to make such payments, the Trustee offered several exhibits which disclose the names of the customers to be paid and the amounts they are to receive. However, the Trustee has also requested that the names be kept under seal, so as to protect the privacy of those customers and prevent any unnecessary public exposure of their financial affairs.

### LAW

This Motion calls into question the provisions of Bankruptcy Rule 9018 which states in pertinent part:

"On motion or on its own initiative, with or without notice, the court may make any order which justice requires ... to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code ..."

It also addresses the provisions of 11 U.S.C. § 107 which states in pertinent part:

"(a) Except as provided in subsection (b) of this section, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

(2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title."

Under these provisions, the Court is specifically empowered to protect an entity from disclosure of scandalous or defamatory material that arises during the course of a bankruptcy proceeding. There do not appear to be any decisions which have dealt with the factual circumstances presented in this Motion and the issues attendant thereto. There are, however, decisions which have addressed the issues raised when a party to litigation has sought to prevent the divulgance of information which arises during the course of the case. These cases reviewed the request for non-disclosure in relation to the constitutional right to privacy. While those decisions are not necessarily determinative of the result in this case, they are helpful in determining what interests the Courts have allowed to be protected and the standards that are used in making those determinations.

In the decisions of *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), and *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), the United States Supreme Court reiterated its recognition of the right to privacy as a constitutionally protected right. As indicated in those decisions, the Court regarded the right to avoid disclosure of personal matters as "implicit to the concept of ordered liberty." *Roe v. Wade*, supra, quoting, *Palko v. Connecticut*, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937). Since the time the Court first acknowledged the right as worthy of constitutional import, the question has arisen as to what matters were personal in nature and deserving of constitutional safeguards. In *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), the Court viewed the decision in *Roe v. Wade*, supra, as outlining the interests to which the right to privacy could apply. These included the areas of marriage, procreation, contraception, family relationships, child bearing, and education. The Court, in *Whalen v. Roe*, 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977), indicated that the right to privacy included both the interest in protecting personal information from disclosure and the interest in maintaining the ability to make independant decisions in one's personal affairs. However, despite this subsequent elaboration as to the interests which constitute the right to privacy, the decision in *Paul v. Davis*, supra, appears to make clear the fact that the right does not extend to areas of information which are "far afield" of those traditionally recognized by the Courts.

In *J.P. v. DeSanti*, 653 F.2d 1080 (6th Cir.1981), the Court held that the dissemination of social histories which were

prepared in connection with juvenile court proceedings was not an invasion of personal matters which could be protected under the right to privacy. In doing so, the Court relied upon the limitations set forth in *Paul v. Davis*, supra, thereby accepting the *Paul v. Davis* parameters on the scope of the right to privacy. Although one Court has made a distinction between disclosure of information that is already available to the public and that which is not, *Fadjo v. Coon*, 633 F.2d 1172 (5th Cir.1981), the Court, in holding that the right to privacy had been violated, relied upon a breach of a pledge of confidentiality rather than upon the character of information disclosed. It does not appear as though the distinction in *Fadjo v. Coon*, supra, has been widely accepted. The decision is, however, helpful with respect to the burdens to be carried by the parties in establishing their positions. If the information sought to be withheld falls within the areas protectable under the right to privacy, the state must demonstrate a legitimate interest in disclosure that, when balanced against the interest of the person seeking protection, outweighs the person's interest. *Fadjo v. Coon*, supra, at 1176.

█ In Ohio, the Courts have addressed the right to privacy within the context of civil, as opposed to constitutional claims. Under state law, the right to privacy protects a person from an unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation. *Housh v. Peth*, 165 Ohio St. 35, 133 N.E.2d 340 (1956). The Ohio Courts have substantially parallelled the grounds established by the United States Supreme Court in determining what areas of information are entitled to protection. These cases, although not involving the disclosure of information by a governmental entity, appear to require that the exposed information be of an acutely intimate nature in order to have an action for breach of priva-cy. *See generally,* 35 Ohio Jur.3d *Defamation and Privacy* § 158.

█ In the present case, it does not appear as though the listing of the customer's name in relation to the amounts to be paid under this liquidation proceeding is the type of information which falls into the areas enumerated by the Courts as subject to a privacy assertion. *See, Roe v. Wade,* supra, at 152, 93 S.Ct. at 726. The interest in protecting information as to the extent of a person's financial involvement, although deserving of diligent consideration, is not the type of interest which can be categorized as "implicit to the concept of ordered liberty" in the same way the phrase has been applied in prior cases. Such interests are not so closely related to a person's intimate affairs and moral convictions as to warrant the imposition of constitutional protection under the right to privacy. The Court also notes, without making a finding thereon, that the relief requested may also have First Amendment implications which, in light of the result to be reached in this matter, do not require further consideration. *See, National Polymer Prod. v. Borg-Warner Corp.,* 641 F.2d 418 (6th Cir.1981). Therefore, based upon the absence of an interest which may be protected from disclosure, the Court must hold that the information cannot be withheld, and kept sealed.

Assuming arguendo that the Court were to find that the customers had an enforceable interest in withholding their names, the Court then would be required to determine whether or not there was a legitimate interest in disclosing the customer's names, and whether or not that interest is greater than the interest in preventing disclosure.

In the present case, the Court notes the high level of publicity and public interest which has been generated during these proceedings. This case arose as the result of manifest improprieties in the transaction of financial affairs, the breadth of which are not yet completely understood. A significant number of citizens in this community have been financially injured as the result of these improprieties. Adjudication of

these proceedings has involved the federal court system and a federally established insurance agency. The Court appointed Trustee has administered millions of dollars of the insuring agency's funds to the thousands of creditors in this case. A number of creditors remain to be paid, and a number of assets remain to be liquidated.

In view of these factors this Court cannot hold that the interests of the customers, if applicable, would outweigh the public's interest in open review of these proceedings. Public scrutiny is the means by which the persons for whom the system is to benefit are able to insure its integrity and protect their rights. This policy of open inspection, established in the Bankruptcy Code itself, is fundamental to the operation of the bankruptcy system and is the best means of avoiding any suggestion of impropriety that might or could be raised. Without a showing as to an immediate and assured detriment that would befall the customers as the result of a release of their names, or some demonstration that the release will work a scandalous or defamatory hardship, this Court could not hold that the names be withheld.

Based upon the foregoing analysis, it must be concluded that the Motion to Withhold the Hearing Exhibits cannot be granted. Although this result appears to hold that anyone who invests in an entity which subsequently liquidates through bankruptcy proceedings consents to the disclosure of their investment, this Court believes that the policy of full disclosure must prevail. While the Court is sympathetic to the Trustee's concerns, the fact that the Debtor is a brokerage does not differentiate this case from any other in which the policy is enforced. Therefore, the Motion must be denied.

In reaching this conclusion the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion for *in camera* Review and Preservation Under Seal of Certain Hearing Exhibits be, and is hereby, DENIED.