9 F.3d 1551
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Georgia HENSON, Plaintiff-Appellant,
v.
John FLOREZ, Robert Kinoshita, and Joe Cuccia, Defendants-Appellees.
 No. 92-15771.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1993.*
Decided Nov. 1, 1993.
 
 Before: HUG, FARRIS, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This appeal involves a lawsuit filed by Georgia Henson under 42 U.S.C. § 1983 against her Supervisors, John Florez, Robert Kinoshita, and Joe Cuccia, who insisted that she provide a medical diagnosis to justify her use of sick leave. The district court granted the Supervisors' motion for summary judgment on the grounds of qualified immunity. We have jurisdiction of the timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 Henson was employed in the California Department of Social Services and was absent from her employment, claiming that she was ill and entitled to sick leave. She refused to provide information concerning the nature of the illness in order to substantiate her claim for sick leave. Her employer insisted that she would either have to return to work or provide appropriate medical justification for her absence. She contended that providing this information would violate her constitutional right to privacy and California statutes protecting confidentiality of medical records. She refused to do so and resigned. She maintains that she was coerced into doing so and, thus, was constructively discharged for asserting her constitutional and statutory rights.
 
 
 4
 Qualified immunity shields government officials performing discretionary functions from liability, unless the official's conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The plaintiff has the burden of proving that the rights allegedly violated by the officials were clearly established at the time of the official's conduct. Baker v. Racansky, 887 F.2d 183, 186 (9th Cir.1989).
 
 
 5
 Henson argues that her Supervisors violated: 1) her right of privacy under the due process clause of the Fourteenth Amendment, 2) her right to be free from unreasonable searches under the Fourth Amendment, and 3) her right under the First Amendment to engage in confidential speech with her doctor. Henson also contends that the California constitutional right of privacy, and various state statutes concerning the confidentiality of medical records, establish a liberty interest protected under the Fourteenth Amendment. We hold that qualified immunity bars suit against the officials for the alleged constitutional violations.
 
 
 6
 1. Right of Privacy under the Fourteenth Amendment
 
 
 7
 The Constitution protects two types of privacy interests. Doe v. Attorney General of the United States, 941 F.2d 780, 795 (9th Cir.1991). "One is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions." Whalen v. Roe, 429 U.S. 589, 599 (1977). At the time of the challenged action in 1985, it was clear that medical information was encompassed within the first type of privacy interest related to disclosure of personal matters. United States v. Westinghouse Elec. Corp., 638 F.2d 570, 577 (3rd Cir.1980) ("There can be no question that an employee's medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection."); Caesar v. Mountanos, 542 F.2d 1064, 1067 n. 9 (9th Cir.1976), cert. denied, 430 U.S. 954 (1977) (right to privacy encompasses doctor-patient relationship).
 
 
 8
 It was also clear in 1985, however, that the privacy protection afforded medical information is far from absolute. It is a conditional right which must be balanced against the governmental interest in disclosure. Westinghouse, 638 F.2d at 577-78 ("[E]ven material which is subject to protection must be produced or disclosed upon a showing of proper governmental interest."); Caesar, 542 F.2d at 1068 (privacy rights conditional rather than absolute and limited impairment may be allowed if properly justified).
 
 
 9
 Henson claims it was unconstitutional to terminate her employment because of her refusal to provide information that she claimed would violate her constitutional right to privacy. Were we to reach the underlying question of whether Henson's privacy rights would be violated, we would be required to "engage in the delicate task of weighing competing interests." Westinghouse, 638 F.2d at 578. We do not reach that question, however, because we conclude that the contours of the right of privacy in this context are not "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton 483 U.S. 635, 640 (1987). "[I]f the existence of a right or the degree of protection it warrants in a particular context is subject to a balancing test, the right can rarely be considered "clearly established" at least in the absence of closely corresponding factual and legal precedent." Baker, 887 F.2d at 187 (quoting Myers v. Morris, 810 F.2d 1437, 1462 (8th Cir.), cert. denied, 484 U.S. 828 (1987)). Henson cites no authority, nor have we found any, that suggests that in 1985 the constitutional right of privacy included an employee's right to refuse to provide a medical diagnosis to justify a request for sick leave. The district court properly granted summary judgment on this claim.
 
 2. Fourth Amendment
 
 10
 Henson contends that her Supervisors violated her Fourth Amendment right to be free from unreasonable searches. We reject the argument. It was not clearly established in 1985 that a request for medical information to justify sick leave violated the Fourth Amendment's prohibition on unreasonable searches. Nor is it even clear that the request/demand constituted a search. See Wyman v. James, 400 U.S. 309, 317-18 (1971). Henson was free to refuse. And she did.
 
 3. First Amendment
 
 11
 Henson next argues that her Supervisors violated her First Amendment rights by requiring the disclosure of confidential information. We treat this argument as merely restating Henson's privacy claim because we do not distinguish between confidentiality and autonomy. Caesar, 542 F.2d at 1067-68. Several courts have adopted a balancing approach in evaluating claims of the right to confidentiality as derived from the privacy right. See, e.g., Taylor v. Best, 746 F.2d 220, 225 (4th Cir.1984), cert. denied, 474 U.S. 982 (1985); Barry v. City of New York, 712 F.2d 1554, 1558-59 (2d Cir.), cert. denied, 464 U.S. 1017 (1983); Fadjo v. Coon, 633 F.2d 1172, 1175-76 (5th Cir.1981); Westinghouse, 638 F.2d at 576-79. Given this balancing approach, we conclude that in 1985 it was not clearly established when state officials could require the disclosure of confidential medical information.
 
 4. State Created Liberty Interest
 
 12
 "Because state-created liberty interests are entitled to the protection of the federal Due Process Clause, the full scope of [an individual's] due process rights may depend in part on the substantive liberty interests created by state as well as federal law." Mills v. Rogers, 457 U.S. 291, 300 (1982) (citations omitted). Henson argues that California law recognizes a liberty interest in the confidentiality of her medical records. We reject the argument.
 
 
 13
 Although California law prohibits discrimination against an employee in terms or conditions of employment due to that employee's refusal to permit disclosure of medical information, Cal.Civ.Code § 56.20, a state employee may be required to submit satisfactory proof of the necessity for sick leave. Cal.Gov.Code § 19859. The employee may be required "to submit substantiating evidence including but not limited to, a physician's certificate. If the appointing power does not consider the evidence adequate, the request for sick leave shall be disapproved." 2 Cal.Code Reg. § 599.749. The Supervisors are required to "determine that the reasons given for a sick leave are valid, reasonable, and justified." Personnel Handbook of the Department of Social Services § 4-0431. "A Supervisor may require a doctor's certificate or other verification of illness for every absence, regardless of length, if it appears the employee is using sick leave improperly and if discussions with the employee have shown no positive result." Id.
 
 
 14
 This is not a case where Henson's Supervisors gathered confidential information about her and disseminated it to unauthorized persons for an unauthorized purpose. See White v. Davis, 13 Cal.3d 757, 775 (1975) (in bank) (stating that California right of privacy would protect against such disclosure). Henson has failed to prove that her Supervisors violated a clearly established state-created liberty interest in requiring her to provide satisfactory proof of her illness, which she placed in issue by requesting sick leave.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3