[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11437
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-24575-UU

STEVE A. STRANGE,

Plaintiff - Appellant,

versus

J-PAY CORPORATION,
SECURUS SERVICES,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 19, 2021)

Before JILL PRYOR, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Steve Allen Strange appeals the sua sponte dismissal of his complaint for failure to state a claim.  Because Strange should have been given an opportunity to amend his complaint, we will vacate and remand.

**I**

Strange, a Florida prisoner proceeding pro se, sued J-Pay Corporation and Securus Services—collectively, "J-Pay"—in connection with their provision of financial transfer software systems for Florida prisons.  Strange's complaint alleged that J-Pay's systems, among other things, revealed his and his family's personal contact information to other inmates without his consent.  Strange alleged that J-Pay's disclosures caused him physical and mental suffering, and he requested relief in the form of monetary damages.  Soon after filing, he moved to amend his complaint to add residency information.  The district court granted his motion, but construed it as a motion to supplement the original complaint rather than to amend it.

Before J-Pay was served, the magistrate judge issued a report recommending dismissal.  The magistrate judge reviewed the complaint under 28 U.S.C. § 1915, which authorizes the court to sua sponte dismiss an in forma pauperis action if it determines that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  The report recommended dismissal for frivolousness and failure to state a claim.  The report

2

first analyzed the claim as arising under the Federal Arbitration Act, which Strange had invoked in his complaint. The report explained that the FAA doesn't create a cause of action and thus couldn't alone be the basis for this suit. The report next analyzed the claim as arising under 42 U.S.C. § 1983 to the extent the complaint could be liberally construed to allege a civil-rights violation. It reasoned that the alleged facts didn't amount to the violation of any federal right, and therefore that the complaint failed to state a claim under § 1983.

Strange objected to the report and recommendation. Among other things, he argued that the magistrate should have "allow[ed him] to assert a valid cause of action against [J-Pay]" and that "because [he] is a pro se litigant, the magistrate judge should have provided an opportunity to cure any deficiencies in an amended complaint." The district court adopted, ratified, and affirmed the magistrate judge's report and recommendation in all respects, dismissing the case without allowing Strange an opportunity to amend his complaint.

On appeal, Strange argues that his complaint stated a claim under § 1983 because it alleged a violation of his constitutional "right to privacy." He also argues that the district court abused its discretion in not allowing him an opportunity to amend his complaint. Finally, he argues that an intervening district court decision created an intra-district split as to whether the defendants were corporations and that the case should be remanded to address the split.

3

## II

We address only Strange's second ground for appeal: whether the district court abused its discretion in not allowing him an opportunity to amend his complaint. Courts must give plaintiffs leave to amend once as a matter of course within 21 days of service, within 21 days after a responsive pleading, or otherwise "when justice so requires." Fed. R. Civ. P. 15(a). A district court's discretion to deny a plaintiff leave to amend a complaint is "severely restricted." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (internal brackets omitted). Unless (1) "the district court has a clear indication that the plaintiff does not want to amend his complaint," or (2) "a more carefully drafted complaint could not state a claim," the district court should allow the plaintiff to amend his complaint at least once. *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (quotation marks omitted).

Here, Strange sought to amend his complaint *before* service on J-Pay. He was attempting to file what would have been his first amended complaint because, although he had earlier attempted to amend his complaint, the district court construed that attempt as "a supplement to the Complaint already filed."

Strange also could have stated a claim with a more carefully drafted complaint. Specifically, a more carefully drafted complaint could have stated a claim for a violation of Strange's "right to privacy" under 42 U.S.C. § 1983. The

4

Supreme Court has held that the Constitution protects a "right to privacy." *See Griswold v. Connecticut*, 381 U.S. 479, 484–85 (1965). As we have understood this "right to privacy," it is guaranteed by the Fourteenth Amendment and therefore applies against the states. *Padgett v. Donald*, 401 F.3d 1273, 1280 (11th Cir. 2005). The Supreme Court has said that, among other things, this "right to privacy" protects the "individual interest in avoiding disclosure of personal matters." *Whalen v. Roe*, 429 U.S. 589, 599 (1977); *see also Padgett*, 401 F.3d at 1280.

We have held that this interest in avoiding disclosure of personal matters was implicated in a number of circumstances when state actors publicized or shared private information without consent. *See Hester v. City of Milledgeville*, 777 F.2d 1492, 1497 (11th Cir. 1985) (state polygraph test examiners asked employees to disclose past misconduct); *Plante v. Gonzalez*, 575 F.2d 1119, 1132 (5th Cir. 1978) (state publicized legislators' personal financial information such as their assets, debts, and sources of income); *James v. City of Douglas*, 941 F.2d 1539, 1544 (11th Cir. 1991) (state officers viewed and allowed their colleagues to view a sex tape after promising to handle it discreetly); *Fadjo v. Coon*, 633 F.2d 1172, 1174–75 (5th Cir. Unit B 1981) (state compelled someone in the course of an investigation to provide details concerning his private life and promised that

those details would not be shared with anyone, but then shared them with members of the public).

Here, Strange has alleged that J-Pay's "unsecure systems of communication[]" don't advise users that they will disclose personal information, but nonetheless "list" users' "personal family contacts" by displaying them "on the kiosk," which apparently communicates that personal family contact information to the rest of the inmates in the prison. With more detailed allegations about this operation, Strange could plausibly allege the sort of nonconsensual sharing of private information protected by his "right to privacy."

He would also have to satisfy § 1983's state-action requirement, which we have held is met when a private company performs services that were traditionally the exclusive prerogative of the state, including the provision of services within prisons. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Strange has alleged that J-Pay provides financial transfer software within prisons. He may be able to allege more details about what J-Pay does and its relationship to the state so as to satisfy the standard for state action.[1]

---

[1] Of course, that wouldn't be the end of the constitutional inquiry. When state action implicates one's privacy interest in avoiding the disclosure of personal matters, it violates the Constitution only when it fails to serve "legitimate state interest[s]." *James*, 941 F.2d at 1544. In the prison context, state action implicating one's privacy interest is valid as long as it is "reasonably related to legitimate penological interests." *Harris v. Thigpen*, 941 F.2d 1495, 1515 (11th Cir. 1991). But at this stage, Strange would still be able to successfully state a claim, and then the district court could consider those countervailing interests once J-Pay presented them to it.

## III

Because Strange sought to amend his complaint and could have stated a claim with a more carefully drafted complaint, we **VACATE** the district court's order of dismissal and **REMAND** for further proceedings.