### CHABOT et al. v. McRAE et al.
### No. 959.

District Court, W. D. Michigan, N. D.
May 12, 1934.

Carl O. Bay, of Ontonagon, Mich., for plaintiff.

Jones & Patek, of Ironwood, Mich., for defendant.

RAYMOND, District Judge.

This action was originally brought by Lawrence E. Chabot, as conservator of the First National Bank of Ontonagon, Ontonagon, Mich., as plaintiff. Subsequent to the institution of suit, and on January 8, 1934, a trust agreement was entered into between the First National Bank of Ontonagon, as party of the first part, and Lawrence E. Chabot, J. H. Bice, and John Hawley, as trustees, reciting that under the terms of section 207 of the Bank Conservation Act (12 USCA § 207), the unsecured creditors had agreed to waive 50 per cent. of their claims against the bank for the purpose of rehabilitating it and permitting it to be returned to its board of directors in order that they might negotiate a sale of remaining assets to the new bank, and also reciting that one of the considerations for the waiver of claims was that certain nonliquid and depreciated assets should be transferred to the trustees to be liquidated for the benefit of unsecured creditors. By this agreement, pursuant to a resolution of the board of directors, the bank sold and transferred to the trustees, without recourse, all bills and notes receivable and certain other properties listed in an attached schedule, to be held in trust for the waiving creditors but subject to the rights of the Reconstruction Finance Corporation by reason of pledge to it of any of the assets.

Subsequently, by order of the court, the three trustees were substituted for the conservator as parties plaintiff, and the declaration was permitted to be amended to conform to the changed situation. The matter is now before the court upon motion of defendants to dismiss for want of jurisdiction and upon motion of plaintiffs for summary

judgment, the right to which defendants concede if it shall be found that jurisdiction exists.

It is defendants' claim in general that the only fact which gave the court jurisdiction, namely, that the original plaintiff was an officer of the United States, no longer exists, and that the court is divested of jurisdiction because there is no longer a controversy in which an officer of the United States is interested. It is admitted that the three trustees are residents of this district and that no diversity of citizenship exists.

The precise question presented is whether or not the trustees may maintain suit in the federal court to recover upon assets which, upon the termination of the conservatorship of a bank and transfer of its assets to the board of directors, have been thereafter transferred by the board of directors to trustees, in pursuance of the plan approved by the comptroller of the currency under authority of section 207 of title 12 USCA, to be liquidated for the benefit of the unsecured creditors of the bank.

The terms of both the plan of reorganization and the trust agreement make it plain that the bank was insolvent and that the plan contemplated the winding up of its affairs. The only authority given to the board of directors of the bank was to forthwith convey liquid assets to the new bank and the nonliquid assets to the trustees for the use and benefit of unsecured creditors and stockholders. The plan did not contemplate that the board of directors would resume transaction of business. It looked only to final and complete liquidation.

Even if it be assumed that such trustees are not officers of the United States [as, in cases of similar but not entirely analogous character, receivers and agents have been frequently held to be—see Guarantee Co. of North Dakota v. Hanway (C. C. A.) 104 F. 369; McConville v. Gilmour (C. C.) 36 F. 277, 1 L. R. A. 498; Weeks v. International Trust Co. (C. C. A.) 125 F. 370; Id., 203 U. S. 364, 27 S. Ct. 69, 51 L. Ed. 224; Studebaker Corporation of America v. First National Bank (D. C.) 10 F.(2d) 590; Bell v. Kelly (D. C.) 54 F.(2d) 395, and In re Chetwood, Petitioner, 165 U. S. 443, 17 S. Ct. 385, 41 L. Ed. 782], there can be no escape from the conclusion that this is a case "for winding up the affairs of a national banking association" within the meaning of subdivision 16, of section 41, title 28 USCA. Neither the plan nor the trust agreement exhibits any other purpose, and the transfer of assets to the board of directors was expressly restricted to carry out their plain objective.

It follows that the motion to dismiss must be denied and the motion for summary judgment granted, and orders to that effect will be entered.

The amount due at this date upon the promissory notes set forth in the declaration is $5,566.97. Judgment will be entered accordingly.