Ernest T. STEVENS, George T. Stevens et al., Plaintiffs-Appellants,

v.

Robert E. LOWDER, Thomas Lowder, et al., Defendants-Appellees.

No. 80–7976
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

April 27, 1981.

Rehearing and Rehearing En Banc
Denied July 6, 1981.

R. Ben Hogan, III, Birmingham, Ala., for plaintiffs-appellants.

Cabaniss, Johnston, Gardner, Dumas & O'Neal, Fournier J. Gale, III, Birmingham, Ala., for defendants-appellees.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

Plaintiffs appeal from the district court's dismissal of this action due to their lack of standing. This class action was brought by stockholders of a bank in an Alabama state court against defendants for compensatory and punitive damages on charges of fraud, breach of confidential relationship, and conspiracy to destroy Southern National Bank in connection with the purchase of the bank's assets by defendants. The action was removed to the federal district court where it was then dismissed.

Plaintiffs are shareholders of Southern National Bank (SNB), seeking recovery for the loss in value of all common shares. While SNB was experiencing financial difficulty, it entered into negotiations with defendants. Shortly thereafter, SNB was declared to be insolvent, and the Comptroller of the Currency appointed the FDIC to serve as the bank's receiver. Submitting the highest bid, defendants, acting through another bank, purchased SNB's assets and liabilities.

In order for the district court to have jurisdiction upon removal, this must be a civil action "to wind up the affairs of any [national banking] association...." 28 U.S.C.A. § 1348. A court should look to the entire transaction in question, see *Richmond v. Irons*, 121 U.S. 27, 7 S.Ct. 788, 30 L.Ed. 864 (1887); *Hoehn v. Crews*, 144 F.2d 665 (10th Cir. 1944), aff'd, 324 U.S. 200, 65 S.Ct. 600, 89 L.Ed. 870 (1945); *Chabot v. McRae*, 7 F.Supp. 113 (W.D.Mich.1934), to see if the civil action affects the liquidation of an insolvent national bank, *Federal Deposit Insurance Corp. v. M. C. Honea, Jr., Inc.*, 440 F.Supp. 1064 (N.D.Ga.1977).

Plaintiffs assert that defendants breached a fiduciary duty owed to SNB and that they defrauded SNB's directors as agents and representatives of the shareholders. Assertion of claims which belong to an insolvent bank are part of the process of winding up the affairs of the bank. *See Hoehn v. Crews*, 144 F.2d 665 (10th Cir. 1944), *aff'd*, 324 U.S. 200, 65 S.Ct. 600, 89 L.Ed. 870 (1945). Plaintiffs' claim that defendants committed fraud in connection with the purchase of SNB's assets is properly within the scope of winding up the affairs of the bank. *Cf. Crum v. Patterson*, 64 F.2d 263 (3d Cir. 1933). Viewing defendants' activities in relation to SNB as a whole, the district court correctly held that this action arises out of SNB's insolvency and the purchase and assumption of SNB's assets and liabilities by defendants' bank. As such, this is an action to wind up the affairs of a national banking association, and the district court properly exercised its jurisdiction upon removal.

An action to redress injuries to a corporation cannot be maintained by a shareholder in his own name but must be brought in the name of the corporation. The shareholder's rights are merely derivative and can be asserted only through the corporation. Although this rule does not apply in a case where the shareholder shows a violation of duty owed directly to him, *Schaffer v. Universal Rundle Corp.*, 397 F.2d 893 (5th Cir. 1968), diminution in value of the corporate assets is insufficient direct harm to give the shareholder standing to sue in his own right, *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727 (3d Cir. 1970), *cert. denied*, 401 U.S. 974, 91 S.Ct. 1190, 28 L.Ed.2d 323 (1971). *See also Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981). Plaintiffs allege injury to SNB, the corporation. They allege a breach of a confidential relationship with the Directors and SNB; a conspiracy to destroy SNB and acquire its assets; and fraud in the purchase of SNB's assets. The option agreement relied upon by plaintiffs was an agreement between the corporation and the defendants. Every injury alleged is an injury directly to the corporation. Plaintiffs' individual injury arises only from the loss in value of their stock as a result of injury to the corporation. Under these circumstances, plaintiffs have no independent cause of action.

AFFIRMED.