**NORWEST BANK MINNESOTA, N.A., as Trustee for Securitized Multiple Assets Rated Trust 1996–1, Plaintiff,**

**v.**

**Pepper PATTON, Defendant.**

**Civil Action No. 96–K–978.**

United States District Court, D. Colorado.

April 29, 1996.

Elizabeth A. Maldonado, Meinhold and Maldonado, L.L.C., Denver, CO, for Plaintiff/Petitioner.

Pepper Patton, Limon, CO, Pro Se.

## ORDER OF DISMISSAL

KANE, District Judge.

This is an action on two promissory notes executed by Defendant Pepper Patterson and assigned by the Citizens National Bank of Limon, Colorado to Norwest Bank Minnesota, N.A. ("Norwest"). Norwest invokes the jurisdiction of this court under 28 U.S.C. § 1332(c) based on diversity of citizenship, claiming it is a Delaware corporation with its principal place of business in Minnesota, while Defendant Patton is a citizen of Colorado. Norwest's contention is wrong as a matter of law.

■ Section 1348 of the same Title provides that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the states in which they are respectively located." Under § 1348, a national banking association is located in, and therefore a citizen of, every state in which it maintains a substantial presence, such as branch banks. *See Connecticut Nat'l Bank v. Iacono,* 785 F.Supp. 30 (D.R.I.1992) (applying *National Bank v. Bougas,* 434 U.S. 35, 98 S.Ct. 88, 54 L.Ed.2d 218 (1977) (construing "located" as that term applies to national banking associations under 12 U.S.C. § 94)). *See also Bank of New York v. Bank of America,* 861 F.Supp. 225, 230 (S.D.N.Y.1994). This is consistent with the modern trend of construing diversity jurisdiction narrowly to relieve congestion in the federal courts as well as the specific purpose of § 1348 to restrict national banking associations' access to federal courts. *See Bank of New York* at 231 & n. 9.

■ The promissory notes in the present case were executed in Colorado by a Colorado citizen in exchange for a loan from a Colorado bank. The notes were assigned to Norwest, a national banking association with a substantial presence and numerous branch offices in Colorado. The collateral over which the dispute arises includes calves, bulls, horses, and a tractor all located in Colorado. Colorado law governs the dispute between the parties. *See* Colo.Rev.Stat. § 5–1–201(1)(c) (Code applies to loans made and received in Colorado); Compl., Exs. B & C (copies of notes at issue showing Colorado Uniform Consumer Credit Code applies upon instance of default).

Because Norwest is a citizen of Colorado under 28 U.S.C. § 1348, diversity jurisdiction does not exist in this case. Accordingly,

The Complaint filed by Plaintiff Norwest Bank Minnesota, N.A., is DISMISSED. Norwest's request for entry of an Order to Show Cause pursuant to "Rule 104(b)" [1] is DENIED as moot.

---

1. The authority to which this incomplete citation refers cannot be ascertained from the papers filed by Norwest.