BANK OF AMERICA, N.A., a national banking association, Plaintiff,

v.

Harry C. JOHNSON, an individual; Mary D. Johnson, an individual; Harry C. Johnson, as Co–Trustee for the Harry C. Johnson Revocable Trust; Mary D. Johnson, as Co–Trustee for the Harry C. Johnson Revocable Trust; Harry C. Johnson, as Trustee for the Amended and Restated Trust Agreement of the Harry C. Johnson Trust; Mary D. Johnson, as Trustee for the Amended and Restated Trust Agreement of the Harry C. Johnson Trust; Oklahoma Tax Commission; Phoenix Leasing Incorporated, a California corporation; the Unknown Heirs or Successors of M. Ruth Reed; L.S. Reed, Jr., or his unknown heirs or successors; and Gwen Elaine, or her unknown heirs or successors, Defendants.

No. CIV–01–1061–R.

United States District Court, W.D. Oklahoma.

Oct. 3, 2001.

Thomas P. Powell, IV, Joel W. Harmon, Joe E. Edwards, Day, Edwards, Feder-

man, Propester & Christensen, Oklahoma City, OK, for Plaintiff.

C. Craig Cole, C. Craig Cole & Associates, Oklahoma City., OK, for Defendant.

### ORDER

DAVID L. RUSSELL, Chief Judge.

Before the Court is the motion of Defendants Harry C. Johnson and Mary D. Johnson, individually and as Trustees of various trusts, as above-styled, to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. In support of their motion, Defendants argue that the Court is without diversity jurisdiction because Defendants are citizens of Oklahoma and Plaintiff, a national bank, is also a citizen of Oklahoma under 28 U.S.C. § 1348 because it maintains 19 banking centers in Oklahoma County and approximately 50 banking centers in Oklahoma. In so arguing, Defendants rely on *Norwest Bank Minnesota, N.A. v. Patton*, 924 F.Supp. 114 (D.Colo.1996); *Connecticut National Bank v. Iacono*, 785 F.Supp. 30 (D.R.I. 1992) and *Bank of New York v. Bank of America*, 861 F.Supp. 225, 230 (S.D.N.Y. 1994). Additionally, Defendants assert that the Court should dismiss this action because the parties' contract contains a forum selection clause providing that jurisdiction lies in the courts of Oklahoma County, State of Oklahoma.

Plaintiff in response relies on *Firstar Bank, N.A. v. Faul*, 253 F.3d 982 (7th Cir.2001); *Baker v. First American National Bank*, 111 F.Supp.2d 799, 800 (W.D.La.2000); and *Financial Software Systems, Inc. v. First Union National Bank*, 84 F.Supp.2d 594, 606 (E.D.Pa.1999) to assert that it is a citizen only of the state in which it has its principal place of business and which is listed on its organization certificate, North Carolina, under 28 U.S.C. § 1348, and thus that there is complete diversity and subject matter jurisdiction herein.

The Tenth Circuit has not addressed the issue of a national bank's citizenship under 28 U.S.C. § 1348. No circuit court other than the Seventh Circuit in *Firststar* has addressed the issue. It held that for purposes of 28 U.S.C. § 1348 a national bank is "located" in and hence a citizen of the state of its principal place of business and the state listed in its organization certificate and is not "located" in every state where it has a branch bank or office. A majority of district courts to consider the issue since the District of Rhode Island in 1992 first held that a national banking association is located where it maintains branch offices in *Connecticut National Bank v. Iacono*, 785 F.Supp. 30, 33 (D.R.I. 1992) have followed the Rhode Island court *See Frontier Insurance Co. v. MTN Owner Trust*, 111 F.Supp.2d 376, 379–80 (S.D.N.Y.2000) (collecting cases). Prior to 1992, however, courts uniformly interpreted "located" as used in 28 U.S.C. § 1348 and its predecessor as referring only to a national bank's principal place of business. *See, e.g., American Surety Co. v. Bank of California*, 133 F.2d 160, 161–62 (9th Cir. 1943) (predecessor statute) and *Buffum v. Chase National Bank of the City of New York*, 192 F.2d 58, 60 (7th Cir.1951), *cert. denied*, 342 U.S. 944, 72 S.Ct. 558, 96 L.Ed. 702 (1952). Upon this Court's review of decisions going both ways, the Court finds the arguments that "located" in § 1348 means any place a national bank has a branch bank, office or substantial presence and the arguments that it refers only to a national bank's principal place of business and state listed in its organization certificate to be nearly in equipoise. However, the Court is persuaded that had Congress intended to alter the interpretation given to the 1882 and 1887 Acts which provided national banks with the same access to federal courts that state banks and corporations have, it would have used different language when it enacted § 1348 to

expressly provide that national banking associations would be deemed citizens of all states in which they have, e.g., a branch office. Thus, the Court is persuaded by the reasoning of the Seventh Circuit in *Firstar Bank, N.A. v. Faul,* 253 F.3d at 988–89, and the District Court for the Eastern District of Pennsylvania in *Financial Software Systems, Inc. v. First Union National Bank,* 84 F.Supp.2d at 605–07, that a national bank is located for purposes of 28 U.S.C. § 1348 only where it has its principal place of business and in the state listed in its organization certificate. Plaintiff Bank of America, N.A. has its principal place of business in North Carolina and lists North Carolina in its organization certificate. Thus Plaintiff bank is located in and is a citizen of North Carolina for purposes of diversity jurisdiction and the Court has diversity jurisdiction herein.

Dismissal is not warranted because there is a forum selection clause in the parties' contract, *see* Exhibits "B" & "D" to Complaint, as Defendants argue, because the forum selection clause is merely permissive; it authorizes suit in the courts of Oklahoma County, State of Oklahoma, upon the lender's request but it does not require the lender to institute suit in those courts. *See generally Excell, Inc. v. Sterling Boiler & Mechanical, Inc.,* 106 F.3d 318, 321 (10th Cir.1997).

In accordance with the foregoing, the Johnson Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED.