**CENTURY BANKCARD SERVICES, INC. Plaintiff,**

v.

**U.S. BANCORP and BAY VIEW BANK, Defendants.**

**No. CV 03–9239 FMC.**

United States District Court, C.D. California.

May 20, 2004.

Steven S. Loeb, Rosen & Loeb, Sherman Oaks, CA, for Plaintiff.

Christopher B. Leonard, Steven M. Schneider, Mitchell Silberberg & Knupp, Los Angeles, CA, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

COOPER, District Judge.

This matter is before the Court on Plaintiff's Motion to Remand (docket nos. 7 and 9), filed April 30, 2004. The Court deems this matter appropriate for decision without oral argument. See Fed.R.Civ.P. 78; Local Rule 7–15. Accordingly, the hearing set for May 24, 2004, is removed from the Court's calendar. For the reasons set forth below, the Court **hereby** grants Plaintiff's Motion to Remand.

### I. Background

On November 12, 2003, Plaintiff Century Bankcard Services filed this action in Los Angeles Superior Court against Defendants U.S. Bancorp and Bay View Bank. The Complaint asserts the following causes of action: (1) breach of contract against Bay View Bank; (2) breach of contract against U.S. Bancorp; and (3) intentional interference with a contractual relationship against U.S. Bancorp. Plaintiff is a California corporation with its principal place of business in California. U.S. Bancorp is a Delaware corporation with its principal place of business in Minnesota.

Plaintiff alleges that on or about December 10, 1999, it entered into an agreement with Bay View Bank, whereby Plaintiff would provide merchant-related credit card services to Bay View Bank. The agreement also contained a Non–Compete provision whereby Bay View Bank agreed not to solicit any merchant for credit card processing at any time, whether or not the agreement had been terminated. Plaintiff alleges that in or around November 1, 2002, U.S. Bancorp purchased Bay View Bank's entire branch structure, and that U.S. Bancorp verified, in writing, that it was aware of, and agreed to comply with, the Non–Compete provision. Plaintiff alleges that on or around January 2003, Defendants Bay View Bank and U.S. Bancorp, as Bay View Bank's successor in interest, breached the agreement between Bay View Bank and Plaintiff, by failing and refusing to comply with the Non–Compete provision. Plaintiff alleges that Defendants directly solicited Plaintiff's

merchant customers and caused the merchant customers to transfer their business to Defendants. Plaintiff also alleges that in or around January 2003, U.S. Bancorp intentionally interfered with the agreement between Plaintiff and Bay View Bank by directly soliciting Plaintiff's merchant customers.

On December 17, 2003, U.S. Bancorp removed the case to this Court contending that there was both federal question and diversity jurisdiction. U.S. Bancorp explained that Bay View Bank was dissolved on September 30, 2003 and no longer exists. Plaintiff filed the instant Motion to Remand on April 30, 2004.

## II. Motion to Remand

■■■ A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996).

## III. Discussion

■■ U.S. Bancorp alleges that federal question jurisdiction exists in this case pursuant to 28 U.S.C. § 1348. Section 1348 provides that "district courts shall have original jurisdiction of ... any civil action to wind up the affairs of any [national banking] association." "A court should look to the entire transaction in question [citations omitted] to see if the civil action affects the liquidation of an insolvent national bank." *Stevens v. Lowder*, 643 F.2d 1078, 1079 (5th Cir.1981).

■■ Plaintiff argues that this action does not involve winding up Bay View Bank's affairs. Plaintiff asserts that it entered into an agreement with Bay View Bank prior to Bay View Bank's dissolution. Plaintiff then asserts that Bay View Bank breached that agreement by failing to comply with the Non–Compete provision in January 2003, after Bay View Bank's dissolution. The Court agrees, Plaintiff's breach of contract claim does not present an action for winding up the affairs of Bay View Bank, and is wholly unrelated to Bay View Bank's dissolution, or transactions arising from it, and therefore does not constitute an action under § 1348. *See Gaff v. F.D.I.C.*, 828 F.2d 1145 (6th Cir.1987)(finding that the plaintiff's state claims did not constitute an action under § 1348, because the claims sought to redress injuries resulting from actions by the bank's officers prior to the bank's insolvency).

U.S. Bancorp's authority is inapposite. In *Stevens*, shareholders of an insolvent bank asserted claims against the purchasers of the insolvent bank's assets; the claims included fraud, breach of confidential relationship and conspiracy in connection with the purchase of the bank's assets. *Stevens*, 643 F.2d at 1079. The Fifth Circuit found that the district court had jurisdiction over the plaintiffs' claims under § 1348, because claims which belong to an insolvent bank and claims arising out of insolvency and the purchase of the insolvent bank's assets are within the scope of winding up the insolvent bank's affairs. *Id.* at 1080.

Here, Plaintiff is not asserting any claims that belong to Bay View Bank nor any claims arising out of the purchase of Bay View Bank's assets. Plaintiff alleges that U.S. Bancorp is liable for breach of contract because it is Bay View Bank's successor in interest; however, the breach

of contract and intentional interference claims do not arise out of any wrongdoing associated with the transfer of assets between Bay View Bank and U.S. Bancorp. The agreement was entered before Bay View Bank's dissolution and the alleged breach occurred after the dissolution; the breach did not arise out of, nor was it connected to, the dissolution. U.S. Bancorp does not provide authority supporting the proposition that any claim against an already dissolved bank falls within the scope of § 1348.

U.S. Bancorp also alleges that diversity jurisdiction exists between it and Plaintiff.[1] Plaintiff is a California corporation with its principal place of business in California. U.S. Bancorp is a Delaware corporation with its principal place of business in Minnesota. Plaintiff alleges that U.S. Bancorp operates as U.S. Bank in Los Angeles. (Mtn. at 4:23–24.)

Plaintiff argues that pursuant to 28 U.S.C. § 1348, U.S. Bancorp is a citizen of California. Section 1348 provides that "The district court shall have original jurisdiction of ... any civil action to wind up the affairs of any [national banking] association, and any action by a banking association *established* in the district for which the court is held ... to enjoin the Comptroller of the Currency, or any receiver acting under his direction .... All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively *located.*" 28 U.S.C. § 1348 (emphasis added).

In *Citizens & Southern National Bank v. Bougas,* 434 U.S. 35, 98 S.Ct. 88, 54 L.Ed.2d 218 (1977), the Supreme Court considered the definitions of the terms "established" and "located" as used in 12 U.S.C. § 94, a statute governing venue of

suits against national banking associations, which utilized both terms at the time *Bougas* was decided. The Supreme Court ruled that, for venue purposes, "established" and "located" have separate and distinct meanings: a federally chartered bank is "established" in the place specified in the bank's charter and is "located" in any state in which it maintains an authorized branch. *Id.* at 39, 44, 98 S.Ct. 88. The Supreme Court acknowledged that some federal cases found that the words "established" and "located" are functionally synonymous and are restricted to mean the place designated in the bank's charter. *Id.* at 40, n. 6, 98 S.Ct. 88 (citing to, *inter alia, United States Nat. Bank v. Hill,* 434 F.2d 1019, 1020 (9th Cir.1970)). However, the Supreme Court distinguished those cases, because they "necessarily were concerned with the word 'established' and not with 'located.'" *Id.* The Supreme Court noted that "located" appears in other federal statutes concerning national banks, including 28 U.S.C. § 1348. *Id.* at 36, n. 1.

The Court's research has disclosed no Ninth Circuit decision on this issue. Following *Bougas* and the reasoning therein, a majority of district courts have concluded that a national banking association is "located" in any state where it maintains a branch office, and is therefore a citizen of that state for diversity purposes pursuant to 28 U.S.C. § 1348. *See Roozenboom v. U.S. Bank,* 2000 WL 249403, *3 (D.Or. Feb.22, 2000)("[r]ecently, the trend of the federal courts has been to find that a national banking association is a citizen in each state in which it maintains branch offices"); *Firstar Bank, N.A. v. Faul,* 2000 WL 1724669, *2 (N.D.Ill. Oct.23, 2000); *First Union Corp. v. American Cas. Co. of Reading, PA,* 222 F.Supp.2d 767, 769 (W.D.N.C.2001); *Frontier Ins. Co. v. MTN*

---

1. This action was filed after Bay View Bank ceased to exist; accordingly, the Court will not consider the citizenship of Bay View Bank in determining diversity jurisdiction.

*Owner Trust,* 111 F.Supp.2d 376, 379 (S.D.N.Y.2000); *Norwest Bank Minnesota, N.A. v. Patton,* 924 F.Supp. 114, 115 (D.Colo.1996); *Ferraiolo Const., Inc. v. Keybank,* 978 F.Supp. 23, 25 (D.Me.1997). *But see Bank of America, N.A. v. Johnson,* 186 F.Supp.2d 1182, (W.D.Okla.2001) (Under 28 U.S.C. § 1348, a national bank is located only where it has its principal place of business and in the state listed in its organization certificate; if Congress had intended otherwise, it would have "expressly provide[d] that national banking associations would be deemed citizens of all states in which they have, e.g., a branch office").

 Applying the majority rule that a national banking association is a citizen of any state in which it maintains a branch office, there is not diversity between Plaintiff and U.S. Bancorp. Because U.S. Bancorp maintains a branch in Los Angeles, both Plaintiff and U.S. Bancorp are citizens of California.

U.S. Bancorp argues that Plaintiff has not provided any evidence that U.S. Bancorp is the same entity as its subsidiary, U.S. Bank, N.A., the branch located in Los Angeles. However, for purposes of diversity jurisdiction, a national banking association is deemed a citizen of the states in which it is located, which includes states in which it has a branch. The determination of whether the branch qualifies as the same legal entity is irrelevant to the analysis of diversity jurisdiction.

■ U.S. Bancorp also argues that summary judgment is appropriate in this case; however the Court will not reach the merits of the case having determined that it is without jurisdiction.

U.S. Bancorp, as the removing party, has failed to meet its burden of establishing the propriety of removal on the basis of either federal question or diversity jurisdiction.

The Court denies Plaintiff's request for attorneys fees in connection with the Motion to Remand. The Court also denies U.S. Bancorp's request for monetary sanctions against Plaintiff and its counsel.

## IV. Conclusion

For the reasons stated above, the Court **hereby grants** Plaintiff's Motion to Remand (docket nos. 7 and 9) and this action is **hereby remanded** to Los Angeles Superior Court.